pay him his share. The defendant denies that he made any agreement whatsoever with the plaintiff, and denies that the purchaser was introduced by him. We can see in this case only a square conflict on questions of fact, which the justice resolved in favor of the defendant; and, while we might regard the version of the plaintiff as more plausible, yet, as the record does not disclose bias, prejudice, or injustice, we cannot, under the decisions of this court, disturb the judgment. Gair v. Cohen (Sup.; Feb., 1899) 56 N. Y. Supp. 180; Smith v. Davis, Id. 183. The judgment must therefore be affirmed.

Judgment affirmed, with costs to the respondent. All concur.

---

### HANNINGTON v. A. W. HANNINGTON MFG. CO. et al.

(Supreme Court, Appellate Term. March 24, 1899.)

APPEAL—REVIEW.

A judgment depending on conflicting evidence, and not appearing to be against the weight of evidence, cannot be disturbed.

Appeal from municipal court, borough of Manhattan, First district.

Action by Alfred W. Hannington against the A. W. Hannington Manufacturing Company and others. From a judgment for defendants for costs, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and LEVENTRITT and MacLEAN, JJ.

James H. Rogers, for appellant.
Wm. B. Ellison, for respondents.

FREEDMAN, P. J. The plaintiff brings this action to recover the amount of two loans, of $300 and $100, respectively, claimed by him to have been made to the A. W. Hannington Manufacturing Company in July, 1897. He alleges in his complaint that, subsequent to the time of the loans, these defendants, Christman, Ehrlich & Co., succeeded to, and acquired all the rights and interests of, the said A. W. Hannington Manufacturing Company. These defendants by their answer deny the making of the loans, and allege as a counterclaim that the plaintiff was, at the time the loans are alleged to have been made, indebted to the A. W. Hannington Manufacturing Company in a sum largely in excess of the amount of said loans. The testimony is conflicting; the evidence on behalf of the plaintiff as to the loan of $300 being squarely contradicted by two witnesses for the defendants, who gave testimony to the effect that that loan was made to the defendant Christman personally, and upon his credit alone. As to the second loan, the defendants introduced testimony tending to show that when the plaintiff made that loan he requested that the amount be placed to his credit with the A. W. Hannington Manufacturing Company upon an indebtedness then existing against him in favor of said company, which was done. Testimony was also given by the defendants from which the court might reasonably find

that at the time of said loan the plaintiff was actually owing said company more than the amount of that loan. This testimony was contradicted by the plaintiff. The issues thus raised were questions of fact, to be determined by the court, and were decided in favor of the defendants. The attention of this court has not been called, upon this appeal, to any exceptions taken by the plaintiff; and it does not appear that injustice has been done, or that the judgment is against the weight of evidence. The judgment must therefore be affirmed.

Judgment affirmed, with costs. All concur.